CLERKS OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
8/29/17
JULIA C. DUDLEY, CLERK
BY: s/ K. DOTSON
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:14CR00036 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DONNA JEAN JENKINS, | ) | By: Michael F. Urbanski |
| Defendant. | ) | Chief United States District Judge |

Defendant Donna Jean Jenkins filed a motion to vacate, set aside, or correct her sentence, under 28 U.S.C. § 2255, raising various claims of ineffective assistance of counsel and constitutional error. The government responded and the time within which Jenkins had to reply has expired. Accordingly, this matter is ripe for adjudication. After review of the record and briefs, the court concludes that Jenkins has not raised any meritorious claims. Accordingly, the court will grant the United States' motion to dismiss and dismiss Jenkins' § 2255 motion.

## I. BACKGROUND

On October 16, 2014, a federal grand jury charged Jenkins and a codefendant in a one-count indictment with distribution and aiding and abetting the distribution of a measurable quantity of a mixture and substance containing heroin, which resulted in the serious bodily injury of B.D.W., in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). This charge arose from circumstances in which Jenkins helped facilitate the sale of heroin at Jenkins' apartment from Stephanie Alkire, a drug supplier, to Brooke Wilson and another

woman; Wilson later injected the heroin and overdosed at Jenkins' apartment. Jenkins was appointed counsel.

On February 12, 2015, Jenkins and the government entered into a written plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Jenkins agreed to plead guilty to a lesser included offense of Count One: distribution of heroin (and aiding and abetting) as to B.D.W., and both parties agreed to a sentence of between 96 and 180 months' incarceration. Plea Agree. at 1, 3, ECF No. 46. Because of her plea, the maximum term of imprisonment that Jenkins' faced went from life in prison to twenty-years. Id. at 1-2. A plea hearing was held on February 25, 2017. Initially, Jenkins expressed dissatisfaction with the terms of her plea agreement. Plea Hr'g Tr. at 8-9, ECF No. 120. However, after a recess in which Jenkins talked to her lawyer, she asserted that she wanted to proceed with the guilty plea hearing. Id. at 22. Jenkins stated that she accepted the terms of the plea agreement, that she had not been coerced into pleading guilty and that she wanted to plead guilty because she was, in fact, guilty of the crime. Id. at 28, 46. Jenkins also affirmed that she understood as part of the plea agreement, she was giving up her right to appeal and to collaterally attack her conviction and sentence. Id. at 35-36. Jenkins stated that she was "fully satisfied with the advice and representation provide by [her] lawyers." Id. at 37. The government reviewed the relevant facts—which Jenkins did not dispute and which were the basis for the Statement of Facts filed with the court—that Jenkins was in contact with Alkire, a supplier of heroin, that Alkire came to Jenkins' apartment to sell heroin, that Wilson and another woman came to Jenkins' apartment to buy heroin and Jenkins knew that they had come to the apartment to buy drugs, and that Wilson bought

2

drugs from Alkire, used the heroin and overdosed. Id. at 39-46. The court concluded that Jenkins' plea was knowing and voluntary, but took it under advisement pending completion of the Presentence Investigation Report ("PSR").

The PSR recommended a guideline range of 262 to 327 months' incarceration based on the crime of conviction and Jenkins' criminal history. PSR ¶ 68. However, the statutory maximum term of imprisonment for a 21 U.S.C. § 841(b)(1)(C) conviction is 240 months' incarceration. Accordingly, Jenkins' advisory guideline range was 240 months' incarceration. U.S.S.G. § 5G1.1(c)(1). No objections to the PSR were filed. Defense counsel did file a sentencing memorandum on Jenkins' behalf. Defense counsel noted that Jenkins had a drug addiction problem, and that most of her prior criminal convictions had resulted from that addiction. In addition, defense counsel noted Jenkins' "significant mental history," which included battles with severe depression, anxiety, post-traumatic stress disorder, attention deficit disorder, bi-polar disorder and borderline personality disorder. Sent. Memo. at 5, ECF No. 80. The government also filed a sentencing memorandum in which it argued that a 126 to 144 moth sentence was appropriate given Jenkins' role in facilitating the sale of heroin at her apartment. U.S. Sent. Memo. at 4, ECF No. 77.

The court held a sentencing hearing on July 23, 2015. At the hearing, the government presented witnesses to aid in sentencing, particularly because there were some factual disputes as to Jenkins' role in the drug distribution. Among other witnesses, the government called Seth Foster, an investigator with the Frederick County Sheriff's Office, who conducted the investigation into the drug overdose. Foster testified that he interviewed Jenkins, who stated that she had been in contact with Wilson and another woman who were

interested in buying heroin, she told the women to come to her apartment when Alkire arrived, which they did, the women bought heroin from Alkire, used it, and Wilson later overdosed. Sent. Hr'g Tr. at 22, ECF No. 121. In addition, the government called Alkire to testify, who stated that Jenkins told Alkire that Jenkins knew of two individuals interested in buying heroin and that Alkire should come to Jenkins' apartment. Id. at 54-55. Alkire further testified that she went to Jenkins' apartment and sold the heroin to the two women and gave some heroin to Jenkins for setting up the buy. Id. at 57.

The defense called Wilson, the individual who overdosed, to testify. Id. at 88. Wilson testified that Jenkins was not involved in the drug transaction, that Wilson obtained heroin from her friend who bought the drugs from Alkire at Jenkins' apartment. Id. at 96-97. Following that testimony, the court asked that Jenkins be put under oath to testify regarding whether she wanted to plead guilty. Id. at 104. Jenkins stated that she still wanted to plead guilty because she "maintain[ed] a dwelling where drugs [were] used and sold" and "allow[ed] people to come in and use my apartment to sell drugs." Id. at 105. Jenkins testified that on the day of the overdose, Alkire came to Jenkins' apartment and gave Jenkins' and Jenkins' boyfriend some free heroin for facilitating the drug sale. Id. at 116. Jenkins also testified that after Wilson and the other woman bought heroin, Alkire left the apartment and Jenkins followed Alkire outside in order to buy another $50 bag of heroin for one of the women still in her apartment. Id. at 111. Following this evidence, the court found that there was a sufficient factual basis to accept the plea and sentenced Jenkins to 108 months' incarceration. Id. at 118-19, 136.

4

Jenkins did not appeal. Jenkins filed a "Notice of Motion for Writ of Habeas Corpus." ECF No. 94. The court issued an order conditionally filing Jenkins' notice as a § 2255 motion. ECF No. 95. Jenkins notified the court that she did not wish for her notice to be construed as a § 2255 motion and mentioning that she "was not aware of the fourteen day deadline to appeal" her case.[1] ECF No. 99. The court dismissed the conditionally filed § 2255 motion without prejudice to Jenkins' ability to file another § 2255 motion. ECF No. 100. On July 21, 2016, Jenkins timely filed this § 2255 motion, asserting: (1) counsel erred by failing to investigate witnesses who provided inconsistent evidence at the sentencing hearing; (2) counsel provided ineffective assistance by failing to obtain a psychological or psychiatric evaluation to provide mitigating evidence at sentencing; (3) defense counsel and the government did not use sidebar conferences during sentencing, which violated her constitutional rights; and (4) the facts do not support the charged offense.

## II. DISCUSSION

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."

---

[1] Jenkins did not pursue a claim that trial counsel failed to appeal her conviction in her subsequently filed § 2255 motion. Instead, on the § 2255 form, Jenkins notes that she did not directly appeal her case due to ineffective assistance of counsel. § 2255 Mot. at 4-8, ECF No. 111. In her § 2255 motion, Jenkins' never claims that she unequivocally asked defense counsel to note an appeal nor does she even raise the issue as a ground for relief. Accordingly, the court will not address an ineffective assistance of counsel claim with regard to failing to note an appeal. See United States v. Pointdexter, 492 F.3d 263, 273 (4th Cir. 2007) (noting that only if a client "unequivocally instruct[s]" counsel to file a notice of appeal, is counsel required to do so); United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) (noting that a defendant must raise specific and pointed claims for relief in a § 2255 motion, in order for a court to reach the merits).

5

28 U.S.C. § 2255(a). Jenkins bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

## A. Ineffective Assistance of Counsel

Criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). In order to establish that his counsel's assistance was not reasonably effective, a defendant must satisfy a two-prong analysis: he must show both that counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by counsel's alleged deficient performance. Strickland, 466 U.S. at 669. When considering the reasonableness prong of Strickland, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also Gray v. Branker, 529 F.3d 220, 228-29 (4th Cir. 2008). Counsel's performance is judged "on the facts of the particular case," and assessed "from counsel's perspective at the time." Id.

To satisfy the prejudice prong of Strickland, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. In the context of a guilty plea, a defendant must show that "there is a reasonably probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

(1) <u>Failure to Investigate Witnesses</u>

Jenkins argues that defense counsel failed to investigate the witnesses who testified at her sentencing hearing. In addition, she claims that the evidence presented from the witnesses was contradictory and inconsistent. § 2255 Mot. at 4, ECF No. 111. This claim is without merit.

Jenkins does not explain what, specifically, she wanted counsel to investigate or the evidence she wanted counsel to uncover. "[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." <u>Dyess</u>, 730 F.3d at 359 (internal quotation omitted); <u>Nickerson v. Lee</u>, 971 F.2d 1125, 1136 (4th Cir. 1992) (noting that conclusory allegations of ineffective assistance of counsel, without factual support, are insufficient to raise a constitutional issue or require an evidentiary hearing) <u>overruled on other grounds by Gray v. Netherland</u>, 518 U.S. 152, 165-66 (1996).

Moreover, Jenkins claims that the witnesses presented inconsistent statements at her sentencing hearing. Jenkins, however, was provided an opportunity to present evidence on her behalf, which she did. The court recognized that there were factual disputes in the case, but nevertheless concluded that Jenkins' own statements provided a factual basis to support her plea agreement and conviction. Further, Jenkins admitted her involvement under oath and affirmed that she wanted to proceed with the sentencing hearing because she was guilty of aiding and abetting the sale of heroin. Accordingly, Jenkins cannot establish that had counsel conducted additional investigations, the outcome of the proceeding would have been different. <u>Strickland</u>, 466 U.S. 694.

### (2) Failure to Request Competency Evaluation

Next, Jenkins argues that she was not given a mental evaluation, which violated her constitutional rights. She asserts that defense counsel never investigated her history of drug abuse and psychological problems, which should have been presented as mitigation evidence to the court. This claim, too, is unavailing.

First, the court inquired as to Jenkins' mental state at her initial appearance and her guilty plea hearing. At the guilty plea hearing, in particular, the court asked what medications she was taking and her history of mental illness. After reviewing the particulars, the court asked whether the medications that she was taking caused "any problem in understanding what we're doing here today?" Sent. Hr'g Tr. at 17, ECF No. 20. Jenkins answered in the negative. Id. Defense counsel, too, asserted that he believed Jenkins was "fully competent." Id. Jenkins was able to answer all questions presented to her and comported herself appropriately throughout all court proceedings. The test for determining legal competency is whether a defendant has a rational understanding of the proceedings and can assist in her own defense. Dusky v. United States, 362 U.S. 402, 404 (1960 (per curiam). There has been no evidence presented, either at the time of Jenkins' guilty plea and sentencing, or in her § 2255 motion, that she was unable to understand the proceedings against her or assist in her defense. Accordingly, counsel had no reason to request a competency hearing for Jenkins. Cf. United States v. White, 620 F.3d 401, 405 (4th Cir. 2010) (concluding that a defendant was not competent to stand trial when she exhibited bizarre and paranoid behavior such as refusing to leave her cell or take showers and writing on her cell walls with her own blood); see also Clanton v. Bair, 826 F.2d 1354, 1359 (4th Cir. 1987) (holding that a lawyer's failure

8

to make a motion for acquittal did not constitute ineffective assistance of counsel because there was "no obvious basis" for the motion).

Moreover, defense counsel did raise the issue of Jenkins' prior history of mental issues and drug abuse in mitigation. In the sentencing memorandum, defense counsel highlighted Jenkins' "horrific upbringing," her struggle with substance abuse and her "substantial history of mental and emotional issues." Sent. Memo. at 4-6, ECF No. 80. Counsel noted that Jenkins' "past crimes were related in some part to her abuse of drugs and alcohol." Id. at 8. At the sentencing hearing, defense counsel argued that Jenkins' crime and criminal history was largely the result of her addiction. Id. at 127. Therefore, the court was well aware of Jenkins' past difficulties and considered them before sentencing her. As such, she cannot establish either that counsel erred or that she suffered prejudice by the failure to arrange a competency evaluation prior to sentencing. Strickland, 466 U.S. at 687.

(3) Failure to Utilize Sidebar

Next, Jenkins argues that her constitutional rights were violated when defense counsel and counsel for the government talked off the record at the sentencing hearing. After careful review of the transcript of the sentencing hearing, the court is unclear when, if at all, opposing counsel conversed off the record. The court reporter noted when counsel conferred with the defendant or a case agent. There appears to be only one instance where counsel conferred with each other in order to resolve confusion regarding an exhibit. But even if the court were to assume that such an off-record discussion took place, Jenkins cannot establish prejudice. She makes no claim that anything improper was discussed; she does not address the topic of the supposed discussion at all. In addition, she was seated next

9

to counsel, so presumably was present during the discussion. Accordingly, Jenkins cannot establish how her due process rights were violated.

## B. Sufficiency of the Evidence

Finally, Jenkins argues that the evidence did not support the criminal charge in the case. She asserts that she was an addict who possessed drugs but did not distribute them. She claims that she never gave drugs to Wilson, the woman who overdosed. This argument is without merit.

First, this issue is waived. Jenkins' plea agreement expressly waived her right to collaterally attack her sentence other than to raise issues of ineffective assistance of counsel. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) (concluding that collateral attack waivers are generally enforceable following a knowing and voluntary guilty plea, as was the case here).

Second, even if the issue were not waived, Jenkins cannot prevail on the merits. The fact that Jenkins did not directly provide drugs to Wilson does not make the count against Jenkins erroneous. Jenkins pleaded guilty to distribution of heroin (and aiding and abetting), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2. The aiding and abetting statute, 18 U.S.C. § 2(a), provides that "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal" (emphasis added). Therefore, Jenkins can be guilty of the substantive offense by aiding and abetting in its commission. See United States v. Ashley, 606 F.3d 135, 143 (4th Cir. 2010) (noting that "aiding and abetting simply describes the way in which a defendant's conduct resulted in the violation of a particular law"). Moreover,

"[t]o be convicted of aiding and abetting, participation in every stage of an illegal venture is not required, only participation at some stage accompanied by knowledge of the result and intent to bring about the result." United States v. Arrington, 719 F.2d 701, 705 (4th Cir. 1983) (internal quotation marks omitted).

Jenkins' conduct supports her aiding and abetting conviction. In the filed Statement of Facts, Jenkins admitted to facilitating the sale of heroin to Wilson by bringing Alkire and Wilson together in her apartment for the buy. Statement of Facts at 1-2, ECF No. 56. In addition Jenkins' own sworn testimony at the sentencing hearing supports her conviction. Jenkins admitted that she agreed to help Alkire "get rid of the heroin." Id. Jenkins told Alkire to come to her apartment. Id. Alkire came to Jenkins' apartment two days later to meet Wilson and another individual who wanted to buy heroin. Id. 108. Alkire gave drugs to Jenkins and her boyfriend because they had set up the drug buy. Id. After they arrived, Wilson and another woman went into the bedroom in Jenkins' apartment with Jenkins and Alkire and bought the heroin. Id. 110. Afterwards, Alkire left the apartment and Jenkins followed her outside to purchase more drugs for one of the women inside. Id.

This evidence is sufficient to support her conviction for aiding and abetting the distribution of heroin. Jenkins' communication with Alkire, her knowledge that Wilson and another woman were coming to her apartment to buy drugs, and her presence during the drug transaction all establish that Jenkins took an active part in ensuring that the drug sale took place. See United States v. Emanuel, 482 F. App'x 783, 784 (4th Cir. 2012) (unpublished) (concluding that where the evidence showed that the defendant "opened up his home for drug transactions, acted as a middleman in contacting dealers for customers,

11

and was present for and participated in the transactions," a conviction for aiding and abetting the distribution of drugs was appropriate).

### III.

For the reasons stated, the court **GRANTS** the government's motion to dismiss, ECF No. 122, and **DISMISSES** Jenkins' motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255, ECF No. 111. Because Jenkins has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c) and Slack v. McDaniel, 529 U.S. 473, 484 (2000), a certificate of appealability is **DENIED.**

**ENTER:** This 29th day of August, 2017.

/s/ Michael F. Urbanski
Chief United States District Judge